IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20307
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK LEWIS LUMP,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
(H-99-CR-519-1)
- - - - - - - - - -
February 9, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Frank Lewis Lump appeals his sentence following his guilty-plea conviction for transportation of child pornography in interstate commerce via the Internet, 18 U.S.C. §§ 2252A(a)(1) and 2256(8). Lump argues that the district court erred by increasing his offense level by five levels pursuant to U.S.S.G. § 2G2.2(b)(4) based on a determination that he had shown a pattern of sexual abuse or exploitation of minors based on conduct 28 years in the past. We have reviewed the record and the briefs of the parties, and we find no reversible error.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lump provides no support for his assertion that his admitted sexual abuse of two minors in 1971 is too attenuated in time to be considered for offense-level enhancement under U.S.S.G. § 2G2.2(b)(4). Moreover, the district court ruled in the alternative that, even if the enhancement was not proper under U.S.S.G. § 2G2.2, an upward departure was warranted that would result in the same 46-month sentence. See United States v. Tello, 9 F.3d 1119, 1129-31 (5th Cir. 1993). Because this ruling was not in error, Lump's argument fails. See United States v. Clements, 73 F.3d 1330, 1341 (5th Cir. 1996).

AFFIRMED.